UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASSAULT SYSTEMES SOLIDWORKS CORPORATION,<br><br>                                    Plaintiff,<br><br>v.<br><br>TORREY PINES LOGIC, INC.; LEONID BORIS VOLFSON; LUONG HIN; MICHAEL DELLOSA; SOPHIA SMITH; and SHAUN FERGUSON,<br><br>                                    Defendants. | Case No.: 23-cv-01200-H-DEB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 29.] |

On February 5, 2024, Plaintiff Dassault Systemes Solidworks Corporation ("Dassault") filed a motion for leave to file a second amended complaint. (Doc. No. 29.) On February 17, 2024, the Court took the motion under submission. (Doc. Nos. 31, 32.) On February 26, 2024, Defendants filed a response to Plaintiff's motion, stating that they do not oppose Plaintiff's motion for leave to file a second amended complaint. (Doc. No. 33.) For the reasons below, the Court grants Plaintiff Dassault's motion for leave to file a second amended complaint.

/ / /

/ / /

/ / /

**Background**

On June 28, 2023, Plaintiff Dassault filed a complaint against Defendants Torrey Pines Logic, Inc., Luong Hin, Michael Dellosa, and Sophia Smith, alleging claims for: (1) federal copyright infringement, 17 U.S.C. § 501; (2) circumvention of technological measures, 17 U.S.C. § 1201; and (3) breach of contract under Massachusetts common law. (Doc. No. 1, Compl ¶¶ 123-65.)  On August 25, 2023, Plaintiff filed a first amended complaint, adding as defendants Leonid Boris Volfson and Shaun Ferguson and alleging the same three causes of action. (Doc. No. 9, FAC ¶¶ 3, 7, 186-234.)

On September 28, 2023, Defendants filed an answer to Plaintiff's FAC. (Doc. No. 17.) On December 7, 2023, the Court issued a scheduling order for the action. (Doc. No. 25.) By the present motion, Dassault moves pursuant to Federal Rule of Civil Procedure 15(a) to file a second amended complaint. (Doc. No. 29 at 2.)

**Discussion**

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint or counterclaims once as a matter of course within specified time limits.  Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("'liberality in granting leave to amend is subject to several limitations'").

When determining whether to grant leave to amend, courts generally consider five factors, known as the Foman factors as stated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962).  These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4)

futility of amendment; and (5) whether the plaintiff has previously amended the pleading. Foman, 371 U.S. at 182; see Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

## II.   Analysis

A review of the five Foman factors weighs in favor of granting Plaintiff Dassault's motion for leave to amend. There is no evidence of bad faith or undue delay by Plaintiff Dassault. Plaintiff Dassault filed its motion for leave to amend its complaint on February 5, 2024, which is within the deadline set forth in the Court's December 7, 2023 scheduling order for the filing of any motions to amend the pleading. (See Doc. No. 25 at 1.)

Further, the proposed amendments do not appear to be futile. Plaintiff Dassault merely seeks leave to amend its first amended complaint to add two additional Defendants – Premier Optical Technologies, LLC and Christopher Thomas – and to add more detailed allegations regarding the computers that were allegedly identified as "using cracked software." (Doc. No. 29 at 2-3; see Doc. No. 29-2, Proposed SAC ¶¶ 9, 10, 28-41.)

In addition, there is no apparent prejudice to Defendants. Indeed, Defendants state in their responsive filing that they do not oppose Plaintiff's motion for leave to amend. (Doc. No. 33 at 2.)

Finally, although Plaintiff Dassault has previously amended its complaint, this is only Plaintiff's second amendment of its complaint. As such, after considering and weighing the Foman factors, the Court grants Plaintiff Dassault leave to file its proposed second amended complaint. (See Doc. No. 29-2, Proposed SAC.)

/ / /

/ / /

**Conclusion**

For the reasons above, the Court grants Plaintiff Dassault's motion for leave to file a second amended complaint. Plaintiff Dassault must file its second amended complaint (Doc. No. 29-2) **within seven (7) days from the date this order is filed**.[1]

**IT IS SO ORDERED.**

DATED: March 8, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court recommend that Plaintiff Dassault review the case caption of its proposed second amended complaint for typographical errors. (See Doc. No. 29-2, Proposed SAC at 1.)